# CHARLESTON.

TRI-STATE TRACTION CO. *v.* P. W. & K. R. R. CO. *et al.*

Decided April 26, 1910.

1. RAILROADS—*Crossing with Other Roads—Suit to Determine—Parties.*

   In a suit pursuant to Code 1906, ch. 52, § 11, for decree fixing the crossing of one railroad by another, the holders of the mortgage bonds of the defendant railroad are not necessary parties when the trustees in the mortgage are made parties.

2. SAME—*Crossing with Other Roads—Suit to Establish—Pleading.*

   An allegation of the bill in such suit which merely states that certain original mortgage trustees are dead and that defendant trustees have been appointed in their stead contains sufficient particularity as to the fact.

3. SAME—*Crossings—Action to Establish—Evidence.*

   If the proposed crossing is within a city, it is not incumbent upon the plaintiff company to show that the municipal government has specificially granted permission to make the same, when a franchise from the city for the construction of plaintiff's railroad at the place of the crossing is shown.

4. SAME—*Crossings—Steam and Electric Roads.*

   An electric railroad may be decreed the right to cross a steam railroad. The physical character of the railroad seeking the crossing, or that of the railroad proposed to be crossed, has nothing to do with the applicability of the statute.

5. SAME—*Grade Crossings.*

    Grade crossings are not prohibited but are authorized by the law of this state. Where the facts warrant a crossing at grade, its construction and operation may be decreed.

Appeal from Circuit Court, Brooke County.

Bill by the Tri-State Traction Company against the Pittsburg, Wheeling & Kentucky Railroad Company and others. Decree for plaintiff, and defendants appeal.

*Affirmed.*

J. B. *Sommerville,* for appellants.

*Henry M. Russell* and J. F. *Cree,* for appellee.

ROBINSON, PRESIDENT:

In the construction of an electric railroad from Steubenville to Wellsburg, the Tri-State Traction Company deemed it necessary to cross at grade the right of way and tracks of the Pittsburg, Wheeling and Kentucky Railroad Company, on 27th street in Wellsburg. The companies could not agree upon a crossing. By bill in equity, pursuant to Code, chapter 52, section 11, the Tri-State Traction Company sought a decree for the establishment of the crossing desired. Upon a hearing of the cause, the plaintiff company was decreed the right to cross at grade the property of the other company at the place designated, by the payment of damages to be ascertained according to the provisions of chapter 42 of the Code. · The manner of the crossing was particularly prescribed, and the respective rights of the parties in relation to the matter were definitely fixed and determined. From this decree the Pittsburg, Wheeling and Kentucky Railroad Company, and its lessee, the Pittsburg, Cincinnati, Chicago, and St. Louis Railway Company, have appealed. Let us notice the points presented by the assignments of error.

The bill is not insufficient because the holders of the mortgage bonds of the Pittsburg, Wheeling and Kentucky Railroad Company are not made parties. The trustees in the mortgage deed of trust are parties to the bill. Their presence as parties suffices for the protection of the interests of the bondholders. "Indeed, whenever the rule obliging all parties interested to be parties is, from their number, impracticable, or extremely difficult, it is so far dispensed with, or rather modified, as to require

only sufficient parties to secure a fair contest, by *representing* all the separate interests." 4 Minor's Inst. (4th Ed.) 1396. Generally, in a suit for foreclosure of a railroad mortgage the bond-holders are not necessary parties. Why should they be in a case like this one? There is no more reason for making them parties here than in a foreclosure suit. "A trustee for bond-holders represents their interests, and when made a party to a suit affecting their interests, they are as much bound by the decree rendered in the suit as if they were individually made parties to the suit." Jones on Corporate Bonds and Mortgages, section 398. "It would be impracticable to make the bondholders parties in a suit to foreclose a railroad mortgage and there is no rule in equity which requires it to be done." *Vose* v. *Bronson*, 6 Wallace 452. It is just as impracticable to make the bondholders parties to a suit like the one before us. This suit is of the nature of a condemnation proceeding. Its purpose is to prepare the way for a proper condemnation of the property sought to be taken. "Ordinarily, in proceedings to subject trust property to public use, the trustee is the proper party to represent the trust estate, and it is not necessary that the beneficiaries be made parties." 7 Enc. Pl. & Pr. 513.

Nor is the bill insufficient in its allegations relative to the fact that two of the defendant trustees were appointed to succeed trustees originally named in the deeds of trust. The bill alleges that those original trustees are now dead and that these defendant trustee have been appointed in their stead. We deem this sufficient particularity in a pleading having for its object that which is sought by this bill. And we find the bill entirely sufficient in its allegations relative to the franchise obtained by the plaintiff company from the municipal government of Wellsburg. The bill shows that the plaintiff company has been granted a right to construct its road within that city, and to construct that road at the place therein where the crossing is proposed to be made. It is not incumbent upon the plaintiff company to specifically show a grant by the city of the right to cross the tracks of the other company.

The point is made that the statute under which this suit is brought does not contemplate the crossing of a steam railroad by an electric railroad. So, it is contended that this suit by an electric railroad is not authorized by law. There is no weight

in this contention. The statute expressly applies to "any railroad" which deems a crossing of "any other railroad" necessary. The physical character of the railroad, the service rendered, or the motive power used, has nothing to do with the applicability of this statute. The road of the plaintiff company is a "railroad," though it renders a somewhat different service from that of the other company and is operated by a different motive power.

It is insisted that the plans for an overhead crossing at another point which were proposed by the company whose property is sought to be taken should have been adopted and a decree entered accordingly. Whatever may be said against the propriety of grade crossings because of the dangers and inconveniences attending them, we must observe that our law expressly authorizes crossings at grade. *Railroad Co.* v. *Traction Co.,* 56 W. Va. 18. Where the facts warrant a decree for a crossing of that character there is certainly no error in the court making such decree. A considerate review of the evidence in this case justifies the conclusion that the circuit court reached and warrants its decree in the premises. The sound discretion vested in the court in such case as the one under consideration has not been abused.

The assignments are not well taken. An affirmance of the decree will be ordered.

*Affirmed.*